[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 7, 1997
This is an action in which the plaintiff creditor seeks to set aside the transfer of property by the judgment debtor to his wife.
The following facts have been stipulated to.
The defendants owned real property known as 30 Brightwood Lane, Southington, Connecticut as joint tenants prior to April 1, 1992.
Prior to January 1992, Paul Wheeler, defaulted on his credit card debt due and owing to the plaintiff. On or about January 14, 1992, the plaintiff demanded that Paul Wheeler pay the outstanding debt. On or about April 1, 1992, Paul Wheeler quitclaimed the above property to his wife, Karen Wheeler for no consideration. On or about April 16, 1992, the plaintiff commenced suit against Paul Wheeler for collection of the outstanding debt.
On or about May 7, 1994, the court, Hennessey, J., granted the plaintiff's motion to cite in Karen Wheeler as a party defendant. In the complaint the plaintiff alleges that the transfer was a "fraudulent conveyance" and therefore should be set aside.
On March 6, 1995, judgment was entered against Paul Wheeler on the above collection action.
The parties agree that the sole issue to be determined by the court is "whether a transfer for no consideration by a judgment debtor to the wife of the [j]udgment debtor placing the transferred property out of the reach of creditors may be set aside as fraudulent if the transferred property had no equity at the time of the transfer."
The plaintiff brings this action under General Statutes § 52-552a of the Uniform Fraudulent Transfer Act (the "UFTA").[1] Specifically, the plaintiff alleges that the transfer in question is fraudulent under General Statutes CT Page 2234 § 52-552f(a) and (b). General Statutes § 52-552f(a) states, in pertinent part, that "[a] transfer made . . . by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer . . ." General Statutes § 52-552f(a). General Statutes § 52-552f(b) states "[a] transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time and the insider had reasonable cause to believe that the debtor was insolvent." General Statutes § 52-552f(b).
The UFTA is "designed to protect creditors. It allows creditors to have a court void a fraudulent transfer if it was a sham or to hide assets." 34 H.R. Proc, Pt. 14 1991 Sess., p. 5355, remarks of Representative Mintz.
The defendants argue that the property transferred by the judgment debtor to his wife was not a fraudulent conveyance under General Statutes § 52-552f(a) or (b). The defendants assert that in order for the transfer to be considered fraudulent the property in question must be an "asset" under the UFTA. The defendants contend that the property is not an "asset" under the UFTA because at the time of transfer the property had no equity since there were "valid liens" or mortgages in aggregate amount which exceeded the fair market value of the property.
General Statutes § 52-552b sets forth the definitions which govern the UFTA, In order for the conveyance to be fraudulent under the UFTA, the property transferred must be an "asset."[2]
General Statutes § 52-552b(2). According to General Statutes § 52-552 (b)(2), an asset is defined as "property[3] of a debtor,[4] but the term does not include: (A) Property to the extent it is encumbered by a valid lien." General Statutes § 52-552b(2). A valid lien is "a lien[5] that is effective against the holder of a judicial lien[6] subsequently obtained by legal or equitable process or proceedings." General Statutes § 52-552b(13).
Based upon the definition section of General Statutes § 52-552b, the court must find that the property transferred by the judgment debtor to his wife was an "asset" at the time it was CT Page 2235 transferred in order for the UFTA to apply. As stated above, General Statutes § 52-552b(2) excludes as an asset "[p]roperty to the extent that it is encumbered by a valid lien."
In the instant case there was a mortgage encumbering the property at the time of the transfer so that the property had no equity when transferred. For the reasons as stated this court concludes that the property transferred by the defendant judgment debtor to his wife was not an asset and therefore the transfer was not fraudulent under UFTA. Judgment may enter as to count two of the complaint for the defendant Karen M, Wheeler.
HENNESSEY, J.